Case 1:10-cv-03883-KMW   Document 5   Filed 06/04/10   Page 1 of 14

GREGORY W. KNOPP
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA  90067
(310) 229-1000
(310) 229-1001
gknopp@akingump.com

*Attorneys for Ernst & Young LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN MANSBERGER, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG LLP, ERNST & YOUNG U.S. LLP, and Does 1 through 10,<br><br>Defendants. | Civ. Action No. 10-CV-3883 (JSR)<br><br>**DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S ANSWER TO COMPLAINT** |

Defendants ERNST & YOUNG LLP and ERNST & YOUNG U.S. LLP (collectively, "Ernst & Young") hereby answer the Complaint filed by plaintiff Brian Mansberger as follows:

EAST 8305106                                    1

## NATURE OF THE ACTION

1. Ernst & Young admits that plaintiff was employed by Ernst & Young in its New York office from September 2005 to November 2006. Ernst & Young further admits that during his employment, plaintiff did not receive premium overtime compensation for hours worked in excess of forty (40) hours a week. Ernst & Young denies all remaining allegations in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 2 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 3 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 4 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 5 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 6 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 6 of the Complaint.

7.  Paragraph 7 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 7 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 7 of the Complaint.

8.  Paragraph 8 of the Complaint constitutes, in part, a legal conclusion to which no response is required. To the extent that paragraph 8 of the Complaint purports to set forth any factual allegations, Ernst & Young is presently without knowledge or information sufficient to form a belief as to the allegations regarding additional defendants, and, therefore, denies the allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.  Paragraph 9 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 9 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 9 of the Complaint.

10.  Paragraph 10 constitutes, in part, a legal conclusion to which no response is required. Ernst & Young admits that it maintains an office in this jurisdiction. Ernst & Young denies all remaining allegations contained in paragraph 10 of the Complaint.

11.  Paragraph 11 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 11 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 11 of the Complaint.

## PARTIES

12.  Ernst & Young admits that plaintiff was employed by Ernst & Young in the assurance line of service from September 2005 to November 2006. Ernst & Young is presently without knowledge or information sufficient to form a belief about the truth of the allegation that

plaintiff is a resident of New York State. Ernst & Young denies all remaining allegations contained in paragraph 12 of the Complaint.

13.   Ernst & Young denies the allegations in paragraph 13 of the Complaint.

14.   Ernst & Young admits that it is a firm offering audit, tax, and advisory services, among others. Ernst & Young further admits that it employs individuals in its assurance, advisory and tax lines of service. Ernst & Young further admits that it has transacted business within the State of New York since at least May 2004. Ernst & Young denies all remaining allegations in paragraph 14 of the Complaint.

15.   Paragraph 15 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 15 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 15 of the Complaint.

16.   Paragraph 16 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 16 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 16 of the Complaint.

17.   Paragraph 17 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 17 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 17 of the Complaint.

18.   Ernst & Young admits that Ernst & Young U.S. LLP handles the payroll functions for Ernst & Young. Ernst & Young denies all remaining allegations contained in paragraph 18 of the Complaint.

19.   Paragraph 19 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 19 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 19 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

20. Ernst & Young denies the allegations contained in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 21 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 21 of the Complaint.

22. Ernst & Young denies the allegations in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 23 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 23 of the Complaint.

24. Ernst & Young admits that plaintiff performed work that did not require him to be certified by the State of New York as an accountant. Ernst & Young denies all remaining allegations in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint constitutes, in part, a legal conclusion to which no response is required. Ernst & Young admits that plaintiff was paid on a salary basis. To the extent that paragraph 25 of the Complaint states the text of 12 NYCRR § 142-2.2, in part, the allegation is admitted. To the extent that paragraph 25 of the Complaint purports to set forth any other factual allegations, Ernst & Young denies the allegations in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 26 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 27 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 28 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 29 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 30 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 30 of the Complaint.

31. Ernst & Young denies the allegations in paragraph 31 of the Complaint.

32. Ernst & Young denies the allegations in paragraph 32 of the Complaint.

33. Ernst & Young admits that it required plaintiff to complete training. Ernst & Young further admits that it provided plaintiff with a laptop computer. Ernst & Young denies all remaining allegations contained in paragraph 33 of the Complaint.

34. Ernst & Young denies the allegations in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 35 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 36 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 37 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 37 of the Complaint.

38. Ernst & Young admits that it maintains a system for tracking and recording hours worked. Ernst & Young denies all remaining allegations in paragraph 38 of the Complaint.

39. Ernst & Young admits that some of its employees are subject to an annual performance evaluation. Ernst & Young denies all remaining allegations in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint constitutes, in part, a legal conclusion to which no response is required. Ernst & Young admits that it is in possession of information regarding the hours worked by, and compensation of, plaintiff. Ernst & Young denies all remaining allegations contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 41 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 41 of the Complaint.

**CLASS ACTION ALLEGATIONS**

42. Paragraph 42 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 42 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 43 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 44 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 45 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 46 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 47 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint, and all of its subparts, constitutes a legal conclusion to which no response is required. To the extent that paragraph 48 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint constitutes, in part, a legal conclusion to which no response is required. To the extent that paragraph 49 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 50 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 50 of the Complaint.

### CAUSE OF ACTION

**(Failure to Pay Overtime in Violation of New York Codes, Rules and Regulations § 142-2.2 – On Behalf of the NY Class)**

51. Ernst & Young admits and denies the allegations in paragraphs 1-50 of the Complaint as set forth above.

52. Paragraph 52 makes no allegation requiring any response from Ernst & Young. To the extent paragraph 52 of the Complaint states the text of 12 NYCRR § 142-2.2, in part, the allegation is admitted. To the extent that paragraph 52 of the Complaint purports to set forth any other factual allegations, Ernst & Young denies the allegations contained in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 53 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 54 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 55 of the Complaint purports to set forth any factual allegations, Ernst & Young denies the allegations in paragraph 55 of the Complaint.

56.     Ernst & Young admits that plaintiff did not receive premium compensation for hours worked in excess of forty (40) hours per work week. Ernst & Young denies all remaining allegations contained in paragraph 56 of the Complaint.

57.     Paragraph 57 makes no allegation requiring any response from Ernst & Young. To the extent paragraph 57 purports to set forth any factual allegations, Ernst & Young denies the allegations contained in paragraph 57 of the Complaint.

## PRAYER

Ernst & Young denies that plaintiff or any class which he purports to represent are entitled to the requested relief.

Further, and without admitting any of the allegations asserted therein or conceding that Ernst & Young bears any burden of proof on any issue on which Ernst & Young would not otherwise bear such burden, Ernst & Young asserts the following defenses to the Complaint.

## FIRST DEFENSE
### (Failure to State a Cause of Action)

Plaintiff is barred from relief because the Complaint, and each of the purported causes of action set forth therein, fails to allege facts sufficient to state a cause of action against Ernst & Young.

## SECOND DEFENSE
### (Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over plaintiff's claim.

## THIRD DEFENSE
### (Statute of Limitations)

Plaintiff is barred from relief to the extent he seeks relief for conduct occurring outside the periods proscribed by the applicable statutes of limitation, including, but not limited to New York Labor Law § 198(3).

### FOURTH DEFENSE
### (Exempt Employee)

Plaintiff is barred from relief because he is exempt from coverage under the provisions of the overtime requirements of the New York Labor Laws, including because he failed to satisfy Ernst & Young's reasonable job expectations, which qualified for the applicable exemptions.

### FIFTH DEFENSE
### (Good Faith)

Plaintiff is barred from relief because Ernst & Young acted in good faith and had reasonable grounds for believing that it did not violate the New York Labor Laws, including because any alleged acts or omissions were made in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies.

### SIXTH DEFENSE
### (Paid All Sums)

Plaintiff is barred from relief because Ernst & Young has paid plaintiff all sums due him.

### SEVENTH DEFENSE
### (Constructive Trust)

The Complaint fails to state a claim for which a constructive trust may be imposed.

### EIGHTH DEFENSE
### (Time Not Compensable)

The time for which plaintiff seeks compensation does not, in whole or in part, constitute compensable working time.

### NINTH DEFENSE
### (Injunctive Relief)

The Complaint fails to allege facts sufficient to state a claim for equitable or injunctive relief.

## TENTH DEFENSE
### (Standing)

Plaintiff lacks standing to challenge any employment practice that did not affect him and lacks standing to assert a claim for injunctive relief since he is a former employee and thus is no longer affected by any alleged employment practice by Ernst & Young.

## ELEVENTH DEFENSE
### (Class Action)

To the extent that plaintiff purports to bring this case as a class action, plaintiff cannot satisfy the requirements for a class action as stated in Rule 23 of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE
### (Willfullness)

Ernst & Young did not willfully deprive any person of any wages to which they may have been entitled.

## THIRTEENTH DEFENSE
### (Laches)

Plaintiff is barred from relief because plaintiff has inexcusably and unreasonably delayed the filing of this action, causing prejudice to Ernst & Young.

## FOURTEENTH DEFENSE
### (Res Judicata/Collateral Estoppel)

Plaintiff's claim is barred, in whole or in part, by the doctrines of collateral estoppel or res judicata.

## RESERVATION OF RIGHTS

Ernst & Young hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**WHEREFORE**, Ernst & Young prays for judgment as follows:

1. That plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed;

3. For judgment in favor of Ernst & Young;

4. For costs of suit herein;

5. For attorneys' fees; and

6. For such other and further relief as the Court may deem proper and just.

Dated: New York, New York
       June 4, 2010

AKIN GUMP STRAUSS HAUER & FELD LLP


By:  /s/ Gregory W. Knopp
     Gregory W. Knopp
     E-mail: gknopp@akingump.com

     *Attorneys for Ernst & Young*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 4, 2010, I caused to be served via U.S. Mail a true and correct copy of <u>Defendants Ernst & Young LLP's and Ernst & Young U.S. LLP's Answer to Complaint</u> on plaintiff's counsel:

Adam Gonnelli, Esq.
Christopher Marlborough, Esq.
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY  10017

Kendall S. Zylstra, Esq.
Gerald D. Wells, III
Stephen E. Connolly
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA  19046

Gary Lynch, Esq.
Bruce Carlson, Esq.
Carlson Lynch, Ltd
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA  16107

Dated:  June 4, 2010
        New York, New York

                                    /s/ Gregory W. Knopp
                                    Gregory W. Knopp

EAST  8305106                              14