UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN MANSBERGER, an individual, on behalf of himself and others similarly situated, | Civ. Action No. 10-CV-3883 (KMW) |
| Plaintiff, | |
| v. | |
| ERNST & YOUNG LLP, ERNST & YOUNG U.S. LLP, and Does 1 through 10, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S MOTION TO DISMISS

AKIN GUMP STRAUSS HAUER & FELD LLP

Daniel L. Nash
Joel M. Cohn
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: 202-887-4000
Facsimile: 202-887-4288
jcohn@akingump.com
dnash@akingump.com

Estela Díaz
One Bryant Park
New York, NY 10036
Telephone: 212-872-1000
Facsimile: 212-872-1002
ediaz@akingump.com

*Attorneys for Defendants Ernst & Young LLP and Ernst & Young U.S. LLP*

100173339 v5

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..........................................................................1

BACKGROUND ..............................................................................................1

ARGUMENT ...................................................................................................3

   A.   More Than One-Third Of Potential Class Members Are Residents Of New York.....................................................................................................4

   B.   The Defendants Are Both Citizens Of New York. .........................................6

   C.   The Discretionary Factors Weigh In Favor Of Declining Jurisdiction. .........7

CONCLUSION ................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anirudh v. Citimortgage, Inc.*,
  598 F. Supp. 2d 448 (S.D.N.Y. 2009)..................................................................6

*Edward & Marjorie Austin Unitrust v. U.S. Mortg. Corp.*,
  No. 2:06-CV-01235 (BES), 2007 WL 2886036 (D. Nev. Sept. 27, 2007)........................5, 6, 8

*Felipe v. Target Corp.*,
  572 F. Supp. 2d 455 (S.D.N.Y. 2008)..................................................................7

*Hertz Corp., v. Friend*,
  130 S. Ct. 1181 (2010)..................................................................7

*Hirschbach v. Nve Bank*,
  496 F. Supp. 2d 451 (D.N.J. 2007)..................................................................5, 6, 8

*Lucker v. Bayside Cemetery*,
  262 F.R.D. 185 (E.D.N.Y. 2009)..................................................................3, 4, 8

*Mattera v. Clear Channel Commc'ns, Inc.*,
  239 F.R.D. 70 (S.D.N.Y. 2006)..................................................................5, 8

*Palazzo v. Corio*,
  232 F.3d 38 (2d Cir. 2000)..................................................................4, 5

*Preston v. Tenet Healthsystem Mem'l Med. Ctr.*,
  485 F.3d 804 (5th Cir. 2007)..................................................................5

*Sorrentino v. ASN Roosevelt Ctr., LLC*,
  588 F. Supp. 2d 350 (E.D.N.Y. 2008)..................................................................3, 4, 8

STATUTES

28 U.S.C.
  § 1332(d)(2)..................................................................2, 3
  § 1332(d)(3)..................................................................1, 3, 4, 7
  § 1332(d)(4)..................................................................3
  § 1332(d)(3)(A)..................................................................7
  § 1332(d)(3)(B)..................................................................7
  § 1332(d)(3)(C)..................................................................8

100173339 v5

§ 1332(d)(3)(D)...........................................................................................................7

§ 1332(d)(3)(E)...........................................................................................................7

§ 1332(d)(3)(F)...........................................................................................................8

§ 1332(d)(5)...............................................................................................................3

§ 1332(d)(6)...............................................................................................................3

§ 1332(d)(7)...............................................................................................................4

§ 1332(d)(10).............................................................................................................6

## OTHER AUTHORITIES

12 N.Y.C.R.R. § 142-2.2 ...........................................................................................1

100173339 v5

Defendants Ernst & Young LLP and Ernst & Young U.S. LLP (collectively, "Ernst & Young") respectfully submit this memorandum of law in support of their motion to dismiss plaintiff's complaint under the discretionary exception to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(3).

<u>PRELIMINARY STATEMENT</u>

Congress provided the district courts with discretion to decline exercising diversity jurisdiction over class actions which are truly local in nature, but which may not satisfy CAFA's mandatory exceptions to jurisdiction. As plaintiff has conceded: this lawsuit involves New York plaintiffs, a New York cause of action, defendants with "nerve centers" in New York, and events which occurred in New York. Both defendants, and approximately 64 percent of potential class members, are New York residents. This is precisely the type of local controversy that was not meant to be encompassed by CAFA. Accordingly, the Court should dismiss the complaint under the discretionary exception to CAFA jurisdiction.[1]

<u>BACKGROUND</u>

Plaintiff Brian Mansberger, a citizen of New York, filed a complaint against defendants on May 11, 2010. The complaint was filed on behalf of himself and other "staff" and "senior" employees in the assurance, advisory and tax lines of service who are not Certified Public Accountants, and who worked in New York at any time since May 11, 2004. Compl. ¶¶ 2, 5, 12. Plaintiff's complaint asserts a single cause of action—that staff and senior employees in the above lines of service are misclassified as exempt from the overtime requirements of New York law. *See* 12 N.Y.C.R.R. § 142-2.2; *Id.* ¶¶ 51-57. Plaintiff asserts that the Court has diversity jurisdiction over his New York state law claims pursuant to CAFA because at least one member

---

[1] As Ernst & Young has noted previously, it intends to move to compel the arbitration of Mansberger's claims if the Court determines that it has jurisdiction.

of the class is a citizen of a state different from at least one of the defendants, and the amount in controversy exceeds $5,000,000. *Id.* ¶ 9; 28 U.S.C. 1332(d)(2).

On or around July 14, 2010, the plaintiff in a related case, *Sutherland v. Ernst & Young LLP*, 10 Civ. 3332 (KMW), submitted a letter to the Court asserting that the Court did not have subject matter jurisdiction over *Mansberger*. Declaration of Daniel L. Nash ("Nash Decl."), Ex. A. At that time, Ernst & Young agreed that it was likely that CAFA's "home state" exception to jurisdiction applied, because its records showed that more than two-thirds of currently employed potential class members were New York residents, and defendants were also citizens of New York. *Id.*, Ex. C.

On August 6, 2010, the Court ordered the parties to conduct discovery on two narrow issues to determine whether CAFA jurisdiction was proper: (1) the residency of *former* Ernst & Young employees who are potential members of the class; and (2) the principal place of business of Ernst & Young U.S. LLP. *See id.*, Ex. D. The discovery was to be completed by August 27, 2010. *Id.* Plaintiff, however, did not serve defendants with such discovery. *Id.* ¶ 6.

While plaintiff did not request discovery on either issue, after the Court's August 6, 2010 order, Ernst & Young retained FTI Investigations LLC, a licensed private investigative firm, to determine the residency of the former employees who are potential members of the class. *Id.* ¶ 7. In addition, Ernst & Young previously submitted an affidavit from Karon S. Walker, Deputy General Counsel for both Ernst & Young LLP and Ernst & Young U.S. LLP, establishing that Ernst & Young U.S. LLP's principal place of business is New York.

2

ARGUMENT

Although plaintiff meets the threshold requirements for CAFA jurisdiction,[2] the Court

should dismiss this action under the "discretionary" exception to CAFA because it is not "the

type of interstate controversy with national implications" that Congress intended CAFA to cover.

*See Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 191 (E.D.N.Y. 2009).  Instead, it is an action

brought by a New York plaintiff on behalf of a substantial number of New York residents,

alleging one New York cause of action against two New York defendants.

Three exceptions to CAFA jurisdiction require the Court or provide the Court with

discretion to decline jurisdiction.  *See* 28 U.S.C. §§ 1332(d)(3)-(4).  The two mandatory

exceptions—the "home state" and "local controversy exceptions—"are designed to draw a

delicate balance between making a federal forum available to genuinely national litigation and

*allowing the state courts to retain cases when the controversy is strongly linked to the state*."  *See*

*Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 355 (E.D.N.Y. 2008) (internal

quotation and citation omitted) (emphasis added).  Likewise, the "discretionary exception is

designed to address similar concerns regarding truly 'local' controversies in cases where neither

mandatory exception applies."  *Id.*

Under the discretionary exception, a "district court may, in the interests of justice, and

looking at the totality of the circumstances, decline to exercise jurisdiction" over a class action if

greater than one-third but less than two-thirds of the members of the proposed class and the

primary defendants are citizens of the state in which the action was filed.  28 U.S.C. §

---

[2] Federal courts have original jurisdiction over an action if three threshold requirements are met:
(1) there are one hundred or more members of the class, (2) any member of the putative class is a
citizen of a state different from any defendant, and (3) the aggregated amount in controversy
exceeds five million dollars, exclusive of interests and costs.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)
and (d)(6).

3

1332(d)(3).  If the court decides that at least one-third of potential class members reside in the state, and that the primary defendants are citizens of the same state, the court then analyzes the following six factors set forth in 28 U.S.C. § 1332(d)(3) to decide whether to retain jurisdiction:

(A)   whether the claims asserted involve matters of national or interstate interest;

(B)   whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C)   whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D)   whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E)   whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F)   whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

*See Lucker*, 262 F.R.D. at 189-90.  All of the factors, however, need not be satisfied.  *See Sorrentino*, 588 F. Supp. 2d at 359.  Instead, a balancing test should be utilized when taking into consideration the "totality of the circumstances."  *Id.*

A.   More Than One-Third Of Potential Class Members Are Residents Of New York.

The evidence submitted by Ernst & Young establishes that almost two-thirds of potential class members were citizens of New York at the time the complaint was filed.  Under CAFA, citizenship is determined as of the date of the filing of the complaint, and is determined by a person's domicile.  *See* 28 U.S.C. § 1332(d)(7); *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  Domicile is the place where a person "has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Palazzo*, 232 F.3d at 42 (internal quotation omitted).  Where the domicile of hundreds of plaintiffs is at issue, the Court

4

has discretion to determine what evidence to use when deciding jurisdiction. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 804, 816-17 (5th Cir. 2007) ("the evidentiary standard for establishing the domicile of more than one hundred plaintiffs must be based on practicality and reasonableness"); *cf. Hirschbach v. Nve Bank*, 496 F. Supp. 2d 451, 460-61 (D.N.J. 2007) (affidavit providing information on mailing addresses of putative class members, which stated that less than 30 percent of class members had mailing addresses outside forum state, clearly supported finding that between one-third and two-thirds of putative class were domiciled in forum state); *Edward & Marjorie Austin Unitrust v. U.S. Mortg. Corp.*, No. 2:06-CV-01235 (BES), 2007 WL 2886036, at *2-3 (D. Nev. Sept. 27, 2007) (list of potential class members supported estimate regarding domicile); *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (noting that it was "reasonably likely" that more than two-thirds of putative class members, all of whom worked in New York, were citizens of New York).

Here, Ernst & Young has submitted affidavits that establish the residency of the current and former employees who are putative class members. During the period from April 30, 2004 to May 31, 2010, Ernst & Young employed approximately 5,980 individuals, who at some point during that time period were identified as having a work location in New York, in the job title of "staff" or "senior" in the assurance, tax or advisory lines of service. Declaration of Daniel Martin ("Martin Decl.") ¶ 4. Of those 5,980 individuals, 2,744 were current employees or partners of Ernst & Young as of April 30, 2010, and 3,236 are former employees or partners. *See id.* ¶ 5. Approximately 1,885 of the current employees presently reside in New York, while at least 1,934 of the former employees reside in New York. *See id.* ¶ 6; Declaration of Lisa Dane ("Dane Decl.") ¶ 8. Thus, approximately 64 percent of potential class members (3,819 out of 5,980) had mailing addresses in New York at the time the complaint was filed. This evidence "clearly supports a conservative estimate that between one-third and two-thirds of the members

5

of the putative class" are domiciled in New York. *See Hirschbach*, 496 F. Supp. 2d at 461;

*Edward & Marjorie Austin Unitrust*, 2007 WL 2886036, at *2 (precise determination regarding

plaintiff class unnecessary where evidence supported a "conservative estimate" that between

one-third and two-thirds of the putative class were domiciled in the forum state).

      B.     <u>The Defendants Are Both Citizens Of New York</u>.

      Ernst & Young has established that both entities are citizens of New York. Plaintiff

asserts that Ernst & Young U.S. LLP's principal place of business is in New Jersey. Compl. ¶ 16.

The Court, however, is not required to accept as true allegations in the complaint relating to

jurisdiction. *See Anirudh v. Citimortgage, Inc.*, 598 F. Supp. 2d 448, 452 (S.D.N.Y. 2009).

Instead, the Court may consider affidavits or other materials beyond the pleadings to determine

whether jurisdiction exists. *Id.* Here, the affidavit submitted by defendants establishes that New

York is the principal place of business for both Ernst & Young entities.

      Under CAFA, an "unincorporated association shall be deemed to be a citizen of the state

where it has its principal place of business *and* the State under whose laws it is organized." 28

U.S.C. § 1332(d)(10) (emphasis added). Defendants are limited liability partnerships organized

under the laws of Delaware, but their principal place of business is in New York. *See* Walker

Decl. ¶ 3. Under the "nerve center" test adopted by the Supreme Court, the principal place of

business "refers to the place where the corporation's high level officers direct, control and

coordinate the corporation's activities," which is "typically found at a corporation's

headquarters." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010); *see Felipe v. Target Corp.*,

572 F. Supp. 2d 455, 460 (S.D.N.Y. 2008) (defendant's principal place of business was the state

where its headquarters were located, the board of directors met, and executive officers

maintained their offices, operated the corporation and made substantive decisions). Ernst &

Young is headquartered in New York, where its key executive officers (including the chairman,

chief financial officer, vice chair of finance and administration, vice chair and general counsel, and vice chair of people (human resources)) maintain their offices, and from where the firm determines firm-wide policy regarding human resources, marketing, finance, accounting, and legal issues. *See* Walker Decl. ¶¶ 4-6. In sum, both entities are citizens of New York under CAFA.[3]

    C.    <u>The Discretionary Factors Weigh In Favor Of Declining Jurisdiction</u>.

        Finally, the discretionary factors under 28 U.S.C. 1332(d)(3) support dismissal in this action. First, the action does not involve matters of national or interstate interest. Instead, the complaint alleges one cause of action brought under New York labor law on behalf of a New York class. *See* 28 U.S.C. § 1332(d)(3)(A). Second, the claim will be governed exclusively by New York law. *See* 28 U.S.C. § 1332(d)(3)(B). Third, the complaint was filed in New York, which has a distinct nexus with the putative "class members, the alleged harm, [and] the defendants" since the putative class members' claims arise out of their employment in New York. *See* 28 U.S.C. § 1332(d)(3)(D). Fourth, the number of New York citizens in the putative class is substantially larger than that of other states, and the citizenship of the proposed class is dispersed among at least forty other states, like New Jersey, Connecticut and Pennsylvania. *See* 28 U.S.C. § 1332(d)(3)(E); Martin Decl. ¶ 7; Dane Decl. ¶ 9. Finally, of the six factors to be considered under the discretionary exception, the only one that could arguably weigh in favor of this Court retaining jurisdiction is the fact that the *Sutherland* action involves similar claims. *See* 28 U.S.C.

---

[3] In a recent submission to the Court, Mansberger alleged that his W-2 from Ernst & Young U.S. LLP lists a New Jersey address for that entity. Although certain "back office" functions, like payroll, are administered out of New Jersey, this does not change the fact that Ernst & Young U.S. LLP's headquarters, and thus principal place of business, is in New York. See Walker Decl. ¶ 8.

§ 1332(d)(3)(F). This factor alone, however, does not trump the remaining factors, all of which weigh heavily in favor of declining jurisdiction.[4] *See Sorrentino,* 588 F. Supp. 2d at 359.

As Mansberger himself submitted in his July 14, 2010 letter to the Court, "this case concerns class action claims brought exclusively under the New York labor laws concerning events that occurred exclusively in New York," "the Named Plaintiff and all prospective class members are/were employed in New York," Ernst & Young's nerve center is in New York and only a "small percentage of prospective class members" reside in Connecticut, New Jersey, and Pennsylvania. *See* Nash Decl., Ex. B at 1-2. Mansberger effectively concedes that this action involves the type of local controversy that Congress did not intend CAFA to cover, regardless of whether two-thirds of the class members are New York citizens. *See Lucker*, 262 F.R.D. at 190-91 (dismissing complaint under the discretionary exception to CAFA where plaintiffs solely alleged New York causes of action against New York defendants); *Mattera*, 239 F.R.D. at 80; *Edward & Marjorie Austin Unitrust*, 2007 WL 2886036, at *2-3 (declining to exercise CAFA jurisdiction over lawsuit alleging Nevada state law claims against defendants who resided in Nevada, and where at least 53% of plaintiffs were citizens of that state); *Hirschbach*, 496 F. Supp. 2d at 460-61 (same, with respect to New Jersey claims and parties, where less than 30 percent of class members had mailing addresses outside New Jersey). Accordingly, the Court should decline to exercise jurisdiction over plaintiff's complaint under CAFA.

---

[4] This factor will no longer favor jurisdiction if Ernst & Young's motion to dismiss and compel arbitration of Sutherland's claim is granted. And the remaining factor—whether the class action has been pleaded in a manner that seeks to avoid federal jurisdiction, 28 U.S.C. 1332(d)(3)(C), is inapplicable here. This might be a relevant consideration only where a plaintiff seeks to remand an action originally brought in state court and then removed to federal court by the defendant. Here, Mansberger expressly invoked federal subject matter jurisdiction under CAFA.

8

<u>CONCLUSION</u>

For the foregoing reasons, Ernst & Young respectfully requests that this court dismiss plaintiff's complaint in its entirety.

Dated:  September 3, 2010                          Respectfully submitted,


                                                   By:  /s/ Daniel L. Nash
                                                        Daniel L. Nash
                                                        Joel M. Cohn
                                                        AKIN GUMP STRAUSS HAUER & FELD LLP
                                                        Robert S. Strauss Building
                                                        1333 New Hampshire Avenue, N.W.
                                                        Washington, DC 20036-1564
                                                        Telephone:  (202) 887-4000
                                                        Facsimile:  (202) 887-4288
                                                        dnash@akingump.com
                                                        jcohn@akingump.com

                                                        Estela Díaz
                                                        AKIN GUMP STRAUSS HAUER & FELD LLP
                                                        One Bryant Park
                                                        New York, NY 10036
                                                        (212) 872-8035
                                                        (212) 872-1002
                                                        ediaz@akingump.com

                                                        *Attorneys for Ernst & Young LLP*
                                                        *and Ernst & Young U.S. LLP*

9

100173339 v5